** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID BELLOW, JR., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 1:10-CV-165 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING CASE

Before the court is Defendants United States Department of Health and Human Services *et al*'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing [Doc. # 15]. The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions.

Judge Giblin recommended that Defendants' motion be granted. Doc. # 21. Plaintiff Michael David Bellow, Jr. filed objections, Defendants responded to the objections, and Mr. Bellow replied to Defendants' response. The court has received and considered the report of Judge Giblin, along with the record, the pleadings, and the parties' objections and responses.

Pursuant to Mr. Bellow's objections and in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the court conducted a *de novo* review of Judge Giblin's findings, the record, specific objections, and the applicable law in this case. Having done so, the court finds that Mr. Bellow's objections are without merit. The court agrees with Judge Giblin that Mr. Bellow's

1

Complaint does not set forth facts sufficient to establish that he has standing to challenge the individual mandate portion of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010).

The additional facts alleged in Mr. Bellow's subsequent filings do not alter this conclusion. In addition to his Complaint, Mr. Bellow submitted a response to Defendants' motion to dismiss, an objection to Judge Giblin's Report and Recommendation, and a reply to Defendants' response to his objection. It is only with the third and fourth bites of the apple—the objections and the reply—that Mr. Bellow begins to address the concerns raised first in Defendants' motion, then in and Judge Giblin's Report and Recommendation.

While *pro se* pleadings are to be construed liberally, "*pro se* litigants are not exempt from compliance with the relevant rule of procedure and substantive law." *Price v. Porter*, 351 Fed. App'x 925, 926 (5th Cir. 2009) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). The general rule is that standing is to be assessed at the time the complaint is filed. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 120 S. Ct. 693, 704 (2000) ("[W]e have an obligation to assure ourselves that [Plaintiff] . . . had Article III standing at the outset of the litigation."). While the court makes no determination whether the outcome would have been different had Mr. Bellow included in his Complaint, or even his response to Defendants' motion to dismiss, the allegations made in his subsequent objections and reply to Defendants' response to his objections, the simple fact remains that Mr. Bellow's Complaint was insufficient for the court to conclude that he had standing. This conclusion is limited to Mr. Bellow's Complaint, and in no way implicates properly pled cases in this or other courts.

The court therefore ORDERS that Mr. Bellow's objections to Judge Giblin's Report and Recommendation [Doc. # 24] are OVERRULED. The court further accepts the findings, analysis, and recommended disposition set forth in Judge Giblin's Report and Recommendation, and ORDERS that the Report and Recommendation [Doc. # 21] is ADOPTED.

IT IS THEREFORE ORDERED that United States Department of Health and Human Services *et al*'s Motion to Dismiss [Doc. # 15] is GRANTED. Plaintiff Michael David Bellow, Jr.'s claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. All other pending motions are DENIED.

So **ORDERED** and **SIGNED** this **18** day of **June, 2011.**

_____
Ron Clark, United States District Judge